WESTERN DIST. *September,* 1831.

PREJEAN'S HEIRS *vs.* LE BLANC.

*In obtaining an attachment writ, on affidavit filed, the petition must as a matter stricti juris, be filed the day succeeding, when it does not precede the writ. Otherwise the whole proceeding will be null and void.*

*Before the act of 1828, amending the Code of Practice, the petition necessarily preceded the writ of attachment: Now it may follow in quick succession; at least the day after.*

---

## PREJEAN'S HEIRS *vs.* LE BLANC.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

By the 904th article of the Louisiana Code, a donation of real estate and slaves, reverts to the donor, if the donee die first, and these objects are found in the succession.

And this is the case where the donee dies before the donor, leaving posterity, according to the English text of the code. In the French text, the ascendant or donor only inherits, when the donee, or descendant dies first, without posterity.

So where the mother made a donation to her daughter, who afterwards died, leaving a child which died in thirteen days after its mother—the donor or grandmother of the child being yet alive, inherited the property of the donation, to the exclusion of the father of the child.

WESTERN DIST.      This suit is brought by the heirs of a donor of property, to
September, 1831.
══════════════   recover it back from the heir of the donee, on the ground of
PREJEAN'S HEIRS  defect in the inheritance.
     vs.
 LE BLANC.         On the sixth day of January, 1826, Magdelaine Prejean
made a donation *inter vivos* of all her property to her six
children.   One of them, Adelaide, then a minor, afterwards
married Ursin Le Blanc, the defendant.   On the 12th day of
August, 1826, Adelaide died, leaving an infant child, which
also died on the 25th day of August, thirteen days after its
mother.   Magdelaine Prejean, the grandmother of the child,
and donor of its mother, survived them both, and afterwards
died on the ninth of October, 1826.

The plaintiffs allege the donation reverted to the donor, the
donee having first died without descendants.

The defendant claims to inherit from his deceased child,
which inherited from its mother.

There was judgment in the District Court in favor of the
defendant, quieting him in the possession of the property.
inherited from his child.

*Simon,* for plaintiffs, contended:

That, by the laws of this state, ascendants inherit to the
exclusion of all others the real estate and slaves given by
them to their children or descendants of a more remote
degree; so that the grandmother had a right, after the death
of her daughter and descendants, to inherit the property
given by her, to the exclusion of the husband of her daughter.
*Louisiana Code,* 904.   *Napoleon Code, article* 747.   *Domat,*
*part* 2, *liber* 2, *title* 2, § 2, 3.   *Pothier on Succession, volume* 1,
*page* 129.   *Do. on Donation, volume* 1, *pages* 212 *and* 278.
*Pandects Frs. volume* 3, *page* 75.   *Delvincourt, volume* 2, *page*
246.   *2 Toullier, volume* 4, *page* 244, puts the question as it
is now before this court, and appears to be in favor of the
right of reversion, which, as he says, is the spirit of the law.

*Brownson,* for defendant, relied upon the opposite doctrine.
He argued to show that if the donee dies, leaving an heir,
that such heir inherits the succession, including every kind of

property, whether acquired by donation or purchase. That it is only in cases where the donee dies without heirs, that the property reverts to the donor. *Sirey, annoté page* 258, *note* 4. *Ibid, page* 259, *note* 12. *4 Toullier, page* 239, *no.* 243. *Merlin, volume* 13, *pages* 53, 55, *from art.* 2 *to* 3.

2. In this case the defendant inherits from his child, which lived a sufficient length of time to become the heir of its mother.

*Porter, J.* delivered the opinion of the court.

This case presents the question whether the right of reversion, in the donor, extends to the real estate and slaves given by him, which may be found in the succession of the donee, the donee having died, leaving a child, and that child being also deceased previous to the donor.

It arises on the 904th article of our code, which is in these words: "Ascendants, to the exclusion of all others, inherit the real estate and slaves given by them to their children, or their descendants of a more remote degree, when these objects are found in the succession."

This article, as given in the French language, varies considerably from, and presents a quite contrary idea to that presented by the English text. It is as follows: "*Les ascendans succèdent à l'exclusion de tous autres, aux biens fonds et aux esclaves, par eux données a leurs enfants ou descendans décédés sans postérérité, lorsque les objects données se trouvent dans la succession.*"

The condition on which the right of the donor is here given, namely, that if the donee shall die without posterity, is not inserted in the law as printed in English. The French text corresponds with the 747th article of the Napoleon Code, which, in turn, is taken from the Customs of Paris and Orleans.

There was scarcely a more vexed question in the ancient French jurisprudence than that now before the court. A great many authors of celebrity are found on each side, and the decisions of several Parliaments present a great diversity of opinion, both as to the right of the donor, and the objects

WESTERN DIST. *September*, 1831.

PREJEAN'S HEIRS
*vs.*
LE BLANC.

on which it should be exercised. A full statement of the question, with a list of the conflicting authorities, will be found in *Merlin's Repertoire verbo Reversion, vol.* 13. The Napoleon Code, by re-enacting, without any additional provision, the article of the Custom of Paris, has left the subject still in doubt. The Court of Cassation, it is true, has given a decision which establishes the right of the father to inherit; but the opinion of the highest tribunal in that country does not appear to have settled the question. It is still discussed and disputed. *Toullier Droit Civil François, vol.* 4, *no.* 243. *Delvincourt, vol.* 2, 246. *Paillette, note on the* 747*th art. Napoleon Code, Sirey, Code Napoleon, annoté,* 259, *note* 12.

These authorities, as they favored the pretensions of the respective parties, have been read, and commented on by their counsel. But we have derived little aid from them in deciding the case before us. The phraseology of the Louisiana Code differs so materially from that of the Napoleon, that we are compelled to put a different construction on our law.

By the 904th article of the Louisiana Code, a donation of real estate and slaves, reverts to the donor, if the donee die first, & these objects are found in the succession.

By the article in the Napoleon Code, the right of the donor does not accrue, unless the donee should die without posterity. In ours, no such condition is annexed. The donor, it is said, inherits to the exclusion of all others, and consequently the posterity of the donee does not take in preference to him. The 904th article, however, as printed in French, makes it a condition of the donor's taking back the property, that the donee should die without posterity. We have labored hard to reconcile these texts; but, after every effort in our power, have been unable to do so. They present distinct and contradictory ideas to the mind, and being thus in conflict, the English, under the provision contained in the constitution of this state, must prevail. We have looked into the report of the juris consults who were appointed to draw up the late amendments made to our code, in the hope of finding something which might tend to elucidate this question; but what we see there only increases the embarrassment. They report the article in French, as it is now found in the French language, in our code, that is, making the right of the donor

And this is the case where the donee dies before the donor, leaving posterity according to the English text of the code. In the French text, the ascendant or donor only inherits, when the donee, or descendant dies first, without posterity.

depend on the donee's dying without posterity. (We have not the English copy within our reach.) And, yet, they say their object was to prompt to acts of benevolence of this kind by conferring a right on the donor, to the property given, to the exclusion of all other heirs, called by law in preference to them, to the succession of the donee. The attainment of this object is not easily seen by their proposal of a law, which made the property on the death of the donee, pass to his children. But the English text of the Louisiana Code has given full effect to their intention. On this view of the subject, the judgment of the court below must be reversed—no right having been acquired by the child of the donee, none could pass to its father on its death.*

WESTERN DIST.
September, 1831.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendants the one-half of the property claimed by them in the petition: And it is further ordered, that this cause be remanded to the District Court, with directions to make, or cause to be made, the partition claimed by the plaintiff: and it is further ordered, that the defendants pay costs in both courts.

---

* After the return of Judge Porter from Circuit he examined the engrossed copy of the amendments to the Civil Code in the Secretary of State's Office, and found the 904th article to be the same in both languages. But the English text of the law has not yet been promulgated, as it was enacted.