Simon, J.
delivered the opinion of the court.
This case presents a question which, though not exactly similar to the one which was submitted to this court in the case of Prejean's heirs v. Le Blanc, 3 La. Rep. 19, arises also on the 904th art. of our Code, which is in these words: “ Ascendants, to the exclusion of all others, inherit the real estate and slaves given by them, to their children or ilieir descendants of a more remote degree¡, when these objects are found in the succession ; ” and we are called upon by the plaintiff to allow him to retake and recover from the estate of his daughter, a certain female slave which he had formerly given to her by an act of donation inter vivos ; and which, he contends, he is entitled to inherit to the exclusion of the children of the donee.
The act of donation states that the donor makes a donation inter vivos and irrevocably to Eugenie Eouanet, his daughter, and the wife of Newcomb Hunt, of a negro girl, &c., &c., to have and to hold the said negro girl unto the said Eugenie, her heirs and assigns for ever. The facts of this case are undisputed ; and although the expressions used in the act of donation may perhaps be considered as extending its effect further than exclusively in favor of the donee, yet we feel disposed to base the solution of this question principally and definitively on the interpretation, which, in our opinion, ought to be given to the 904th art. of our Code, in connection with all the other articles relative to the same subject.
It is well known that after the decision of the case of Prejean's heirs v. Le Blanc, the judge who had delivered the opinion of the court, examined the engrossed copy of the amendments to the Civil Code in the secretary of state’s office; and that he found the 904th article to be the same in both languages, but that the English text of the law had not been promulgated, as it was enacted. The English text of the law, as it is engrossed, is a correct [410] and literal translation of the French; and yet the article, as it was promulgated, contains a material discrepancy in the omission of the words: “ who die without posterity.” So that the law, as it was published, cannot be taken as being the whole law in its entire and perfect context as it was enacted by the legislature; still, on the one hand, this law, as- it stands in the Code, being *250 clear and unambiguous, tbe French text ought to be disregarded, and on the other hand, our being aware that the part of the law which was promulgated does not fexpress the full extent of the intention of the legislature, must necessarily keep us from giving again to the article in question the same interpretation and effect as were given to it by this court in the case of Prejean’s heirs, that is to say, from extending its application in this case to excluding the children of the donee from the right of inheriting the property given to their mother.
This is an instance, in which, if we were to give effect to the law according to its literal import, because it is expressed in clear and unambiguous terms our interpretation would undoubtedly be in direct opposition to the true will and intention of the legislature. In this emergency, our safest and best course must be to resort to the incontrovertible' principle, that all statutes, in pari materia, ought to be construed together in order to ascertain the meaning of the legislator. La. Oode, art. 17; 1 Kent’s Commentaries, 435; 7 La. Reports, 162.
If so, on referring to article 905, we find that, “ Ascendants have also the right to take from the succession of their child or descendants wno die without issue, the dowry they may home settled in money upon Mm ; ” and the article 906 informs us that, “ascendants inheriting the things mentionedm the preceding articles, which they have given their children or descendants who die without issue, take them subject to all the mortgages which the donee may have imposed on them during his life.” Is it not clear from this last article, con-[411] nected with the preceding ones (904 and 905), that the legislature had in contemplation when they adopted and passed the three successive provisions, cases of ascendants inheriting the objects by them given to their children or descendants who die without issue, and that tbe article 906 was worded according and in reference to tbe right as allowed by the said articles 904 and 905 ? Was it not tbe intention of tbe lawmakers to provide that whenever the right of reversion should be exercised by ascendants according to the preceding articles, they should take the property subject to all the mortgages which the donee, who dies without issue, may have imposed upon them ? Would it not he idle and absurd to contend that tbe expressions “ who die without issue,” have accidentally been inserted in tbe articles 905 and 906, and that they ought not to have any meaning? We cannot hesitate to answer these questions affirmatively; and if it be a true principle of law that we ought to construe tbe three articles together, in order to arrive at a fair and correct interpretation of the legislative will, we must necessarily infer from tbe provisions therein contained, which are all relative to the same subject, that ascendants are entitled to inherit, to the exclusion of all others, the real property and slaves which they have given to their children or their descendants “ who die without issue ; ” that is to say: that this right of inheriienee, or more properly called right of return or reversion allowed by law in favor of tbe donor, should not accrue, unless the donee should die without posterity.
In support of this interpretation, it will perhaps be proper to refer also to tbe art. 1521, which provides that “ the dononmay stipulate the right oe return of the objects gimen, eitherr in ease of his surviving the donee alone, or in *251 case of Ms surdwing the donee and Ms descendantsand to the art. 1728, which says that, “ donations in favor of marriage are presumed to he made for the benefit of the children or descendants to proceed from that marriage.” Now it seems to us that the former article would have no object, if, according to the decision in the case of Prejean’s heirs, the property was to re- [412] vert back to the donor immediately after the death of the donee, with or without issue; there would be no necessity to stipulate the right of return of the objects given, as the donor, if an ascendant, would always be sure to obtain it in case of his surviving the donee; and the provisions of the latter article establishing a general principle, in cases of certain donations, which are generally made by ascendants, would certainly have no meaning, or would be in direct opposition to the art. 904, under consideration; as in the one the surviving ascendant is allowed to retake the property by him given, to the exclusion and prejudice of the children or descendants of the donee; whilst in the other it is positively declared that in case of survivorship of the donor, the donation is always presumed to be made for the benefit of the children or descendants of the party in whose favor such donation was made. This discrepancy must disappear from our laws.
We conclude, therefore, that the case of Prejean's heirs v. LeBlanc, must cease to be considered as a proper and correct interpretation of the 904th article of the La. Code, and that the judge a quo did not err in rejecting the plaintiff’s demand.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.