## GILLISPIE vs. DAY.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

GILLISPIE
vs.
DAY.

19L 263
46  269
46  756
46  758

Where the defendant made a verbal donation of a slave to his son, and at his death, as one of a family meeting advised the sale, as the property of the minor·child of the deceased, he cannot claim back either the slave or the proceeds, although the donation *per se*, did not divest him of title.

The donor is only entitled to the reversion of the thing donated, when the donee *dies without posterity*, and it is found in his succession.

A witness testifying to the extra judicial confessions, verbally made, of a deceased person, is the weakest of all testimony; as it cannot be contradicted, or the witness convicted of perjury although he may swear falsely.

So, proof by one witness to a single confession of an aggregate amount above 500 dollars is insufficient without some corroborating circumstance; although if the witness testified of his own knowledge to two successive loans or sums, amounting together to more than $500, the evidence might be sufficient.

This is an action by the widow of Thomas W. Day, deceased, against his father, Wm. Day, to recover the amount of her deceased son's estate, now in his ₍hands, and which she alleges she is entitled to receive as his sole heir; being her only child, who died after her husband.

The defendant was appointed tutor of his grand-son, and had the administration of his estate.   The plaintiff prays judgment requiring the defendant to account for his tutorship, and pay over such balance as may be found due and in his hands.

In his defence the defendant sets up claim to a slave named Stephen or his proceeds, which he avers he merely loaned his son, but who remained in his succession after his death, and was sold at the sale of it, on the advice of a family meeting, of which the defendant was a member.   He also claims the sum of $550, which he states he also loaned his son.   He admits there is cash on hand and assets of his grand-son's estate amounting to $4,537 92, out of which he claims $1,986 68, as the price of the slave; and $550 for the sums loaned.

There is a bill of exceptions to the testimony of the only

EASTERN DIS. witness called to prove the item of $550.    He says Thomas
July, 1841. W. Day told him, in his lifetime, that the defendant, his father,
GILLISPIE   had furnished him with $300 to aid him in paying for a negro
vs.
DAY.    girl named Charlotte ;  and also told him that the defendant,
his father, furnished him with $250 to pay for land, to which
testimony the plaintiff's counsel objected, as being hearsay.
The objection was overruled,  the testimony admitted and the
plaintiff excepted.

There was judgment allowing the defendant's claims as set
up in his defence, and the plaintiff appealed.

*Sheafe,* for the plaintiff and appellant.

*Lawson,* contra.

*Bullard, J.* delivered the opinion of the court.

The defendant is the  grand-father of William Day, junr.,
and became his tutor after the second marriage of the plain-
tiff, his mother, and received the proceeds of the estate of Tho-
mas W. Day, the father of the minor child.    Upon the death
of the grand-son, his mother inherited his estate as sole heir,
and this action is brought to compel William Day, the grand-
father, and late tutor, to render an account of his administra-
tion.

The defendant claims, 1st, allowance for the price of a slave
Stephen, which in his answer he alleges was *loaned or given*
by verbal agreement to his son Thomas W. Day, the father of
the minor, and that the slave either belonged to him, the re-
spondent, or he was entitled to the proceeds thereof by rever-
sion, the act being invalid as a donation; and 2d, for $550
loaned to his son.

Where the defendant made a verbal dona- tion of a slave to his son, and at his death, as one of a family mee- ting advised the sale as the pro-

I. We are of opinion that the defendant is precluded from
setting up any title or claim to the slave Stephen or the price
for which he was sold.    Admitting the title to have been in
him previously, and that the verbal donation *per se*, was in-
sufficient to divest him, yet the defendant, as a member of the

EASTERN DIS.
July, 1841.

GILLISPIE
vs.
DAY.

family meeting, advised the sale of the property and suffered the slave to be sold as the property of his son Thomas W. Day; and in an act of partition in the record, and signed by the defendant, the price of the slave is set down as forming a part of the estate which came into his hands as tutor of the heir at law. Nor can we recognize the defendant's right as reversioner on the authority of the case of Prejean's heirs vs. Le Blanc, (3 La. Rep., 22;) upon which the counsel relies. The donee, T. W. Day, did not die without posterity which we have recently decided to be an indispensable condition to the right of reversion or return; Rouanet vs. Hunt, (tutor,) 17 La. Rep., 409.

II. With respect to the defendant's claim to retain $550, averred by him to have been loaned to his son, a single witness deposes that Thomas W. Day, the son, told him in 1834, that his father, (the present defendant,) had *furnished* him with 250 dollars to pay for land purchased of John Allen, and he told witness that his father *furnished* him with 300 dollars or upwards, the precise amount not recollected, to aid him in paying for a negro girl by the name of Charlotte.

This kind of evidence, not hearsay, as was contended, but the extra judicial confessions verbally, of deceased persons is the weakest of any. It cannot even be contradicted, much less can the witness be convicted of perjury. The only witness to disprove the confession no longer exists. But the testimony of a single witness is insufficient without corroborating circumstances, to prove a debt above $500. It is true that if a single witness were to depose to his knowledge of two successive loans amounting together to more than $500, the evidence might be sufficient, because that would be proving two distinct contracts. But proof by one witness to a single confession of an aggregate amount of more than $500, is in our opinion insufficient without some circumstances in corroboration. What is there in the case to strengthen the statement of the witness? Let it be observed in the first place that the confession was not that the father had *loaned* but that he had

The property of the minor child of the deceased, he cannot claim back either the slave or the proceeds, although the donation *per se*, did not divest him of title.

The donor is only entitled to the reversion of the thing donated, when the donee *dies without posterity*, and it is found in his succession.

A witness testifying to the extra judicial confessions, verbally made, of a deceased person is the weakest of all testimony; as it cannot be contradicted or the witness convicted of perjury although he may swear falsely.

So, proof by one witness to a single confession of an aggregate amount above 500 dollars is insufficient without some corroborating circum-

*furnished* the son with the money, and although in ordinary cases it would amount to the same thing as there would exist an obligation to refund. Yet between the father and his son, about to establish himself in the world, the former might be presumed, without much violence, to intend an advancement or donation. When settling the estate of the son no such claim was pretended. If the alleged loan was made after the marriage of the son it was a community debt, and the community was settled with the widow by the defendant himself, without advancing any such pretensions. These circumstances satisfy us that the setting up of such a claim against the grandson's estate is an afterthought, and that the money was furnished not as a loan but as an advancement.

The court in our opinion erred in allowing an offsett for the value of the slave Stephen and for the 550 dollars.

The judgment of the Court of Probates is therefore reversed, and proceeding to render such judgment as ought to have been given below, it is further decreed that the plaintiff recover of the defendant four thousand, one hundred and eighty-three dollars and ninety-two cents, the balance in his hands as tutor of William Day, junr., together with interest at five per cent. from and after this day, July 8, 1841, with costs in both courts.